UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| MERTHA B. TAGUE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 4:12-CV-13-TLS |
| | ) | |
| WRIGHT MEDICAL TECHNOLOGY, | ) | |
| INC., | ) | |
|     Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Defendant's Motion to Dismiss Plaintiff's Complaint [ECF No. 14], filed on April 12, 2012, and the Plaintiff's Brief in Response to Defendant's Motion to Dismiss Plaintiff's Complaint [ECF No. 17], filed on April 20, 2012.

## BACKGROUND

On February 10, 2012, the Plaintiff, Mertha B. Tague, filed a Complaint in state court against the Defendant, Wright Medical Technology, Inc., alleging that the Defendant's defective prosthetic hip device caused her to sustain injuries. The Plaintiff advanced two claims: Count I alleged that the Defendant was strictly liable for designing, manufacturing, producing, and selling a defective product; and Count II alleged that the Defendant was liable under a negligence theory. The Defendant removed the matter to federal court and filed a Motion to Dismiss Count II, the negligence claim, on grounds that under Indiana law, a common law negligence claim is subsumed by the products liability statute. The Plaintiff responded by filing, within twenty-one days, a Notice of Filing Amended Complaint and Amended Complaint for Damages. *See* Fed. R. Civ. P. 15(a)(1)(B) (permitting one amendment to a pleading as a matter of course within twenty-one days after service of a motion under Rule 12(b)). The Amended

Complaint did not include a negligence claim, and thus eliminated the need for the Court to decide the Defendant's Motion to Dismiss. (Mar. 30, 2012 Order (denying Motion to Dismiss as moot).)

On April 12, 2012, the Defendant filed a second Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), again directed at the second count. Count II of the Amended Complaint is based upon a failure to warn under Indiana's product liability statute. The Defendant argues that the failure to warn claim fails to state a claim upon which relief may be granted because the Plaintiff attempts to place a duty on the Defendant to directly warn the Plaintiff, when its only duty was to warn the prescribing physician because he is considered a learned intermediary. In the Plaintiff's Brief in Response, she argues that the allegation in her pleading that the Defendant failed to issue "any warning" regarding the known defects associated with the prosthetic device encompasses and includes warnings to the attending physician.

## ANALYSIS

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. Requirements for stating a claim under the federal pleading standards are straight forward. A pleading that states a claim for relief must set forth "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for relief sought." Fed. R. Civ. P. 8(a). In considering motions to dismiss for failure to state a claim, "[courts] construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts

alleged, and drawing all possible inferences in her favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). "A plaintiff . . . must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Id.* at 1083 (quotation marks and citations omitted). Although a complaint does not need detailed factual allegations, it must provide the grounds of the claimant's entitlement to relief, contain more than labels, conclusions, or formulaic recitations of the elements of a cause of action, and allege enough to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The Plaintiff alleges in her Amended Complaint that the Defendant's prosthetic hip device, which she had surgically implanted, was defective. She asserts that the Defendant received numerous complaints about the devices and had been sued based on its failures, but that despite this the "Defendant did not issue a warning regarding the problems associated with the devices." (Am. Compl. ¶ 16, ECF No. 8.) In Count II, the Plaintiff incorporates her previous allegations, including the allegation in paragraph 16, and states that pursuant to the Indiana Produce Liability Act, "a product is defective if the seller fails to: (1) properly package or label the product to give reasonable warning of danger about the product; or (2) give reasonably complete instructions on proper use of the product; when the seller could have made such warnings or instructions available to the user or consumer." (*Id.* ¶ 27.) The Plaintiff alleges that the "Defendant failed to warn Plaintiff of the dangers associated with" the hip prosthetic (*id.* ¶ 28), and that she suffered harm as a result of the Defendant's failure to provide reasonable warning (*id.* ¶ 29).

The Defendant argues that these allegations do not state a claim for failure to warn because, under the learned intermediary doctrine, "manufacturers of prescription medical products have a duty only to warn physicians, rather than patients, of the risks associated with the use of the product," *Minisan v. Danek Med., Inc.*, 79 F. Supp. 2d 970, 978 (N.D. Ind. 1999); *see also Phelps v. Sherwood Med. Indus.*, 836 F.2d 296, 303 (7th Cir. 1987), and the Plaintiff has not advanced any factual allegations that the Defendant failed to issue appropriate warnings to the implanting physician.

Although the Plaintiff specifically alleges that she was not provided with a warning, she also alleges that the Defendant failed to provide any warning at all—without any designation of, or limitation on, the recipient of the warning. When the Court takes all the factual allegations as true and draws all reasonable inferences in favor of the Plaintiff, the learned intermediary is included in the people who did not receive a warning. Recovery under these facts is plausible, even assuming that the Defendant's only obligation was to warn the physician. A plaintiff is not required to plead legal theories, *Hatmaker v. Mem'l Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010), and the Defendant has fair notice of the Plaintiff's claim and what she will be required to prove to obtain relief.

## CONCLUSION

For the reasons stated above, the Court DENIES the Defendant's Motion to Dismiss Plaintiff's Complaint [ECF No. 14].

SO ORDERED on May 10, 2012.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION